# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,
    Plaintiff,

v.                                                                        Case No. 18-C-383

WICKMAN, DELFOSSE,
AFOLABI, SCHULTZ, and
JOHN and JANE DOES,
    Defendants.

## DECISION AND ORDER

Pro se plaintiff Jesse Daul filed a complaint alleging that defendants violated his civil rights while he was incarcerated. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. Plaintiff established that he has neither the means nor assets to pay an initial partial filing fee, so Magistrate Judge William Duffin (the judge assigned to the case at that time) waived that requirement. I will grant plaintiff's motion to proceed without prepayment of the filing fee, but he must pay the $350 filing fee as he is able.

*Screening Standard*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Plaintiff alleges that he was housed in the restricted housing unit (RHU) at Green Bay Correctional Institution for twelve consecutive months while suffering from an undiagnosed stress disorder. He alleges that, in order to punish him, security staff repeatedly limited his access to water in his cell. According to plaintiff, defendants would cut off his water while he was using it. He asserts that this misconduct continued through twelve cell assignments and was used as a form of behavior modification in response to plaintiff's aggressive demeanor.

Plaintiff further alleges that staff members repeatedly used "soiled and excessively damaged mattresses as well as hardened rubber floor mats, saturated with body fungus, as a further method of behavioral modification." Docket No. 1 at 3. He states that, while in RHU, he drank toilet water, slept on painted concrete, was denied access to administrative remedies, and was rarely allowed to leave his cell.

Plaintiff also alleges that the prison's medical staff ignored his complaints of joint pain and refused to provide him treatment or "provide medical-disciplinary considerations." *Id.* Plaintiff also asserts that the medical staff charged him excessive copays.

According to plaintiff, defendant Sgt. Wickman placed him on a paper restriction for thirty days, which prevented him from filing inmate grievances, health service requests, psychological service requests, or legal correspondence. Plaintiff asserts that defendant Cpt. Schultz confiscated and destroyed his notes about how he was being treated. Plaintiff also alleges that defendants John Doe, Delfosse, and Afolabi "lawfully" confiscated his legal notes, documents, and writing supplies/envelopes, but then held

them for more than a month and a half beyond the authorized confiscation period. He alleges that they did this to prevent plaintiff from documenting misconduct.

Plaintiff also alleges that, "instead of holding his staff responsible," Schultz moved plaintiff to an administrative-confinement cell. According to plaintiff, the cell did not have a working exhaust system or intercom, so he was not able to "tell on them." *Id.* at 4. Plaintiff also states that he stopped showering. According to plaintiff, his shower was turned off after five minutes, which was an insufficient amount of time for him to soap up and rinse off. Plaintiff asserts that he would then have to pound on his cell door in an effort to convince the officers to turn his water back on. Plaintiff asserts that there was a big bay window that allowed female officers to watch him pound on his door.

*Analysis*

A prison's "conditions violate the Eighth Amendment when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where [prison] officials are deliberately indifferent to this state of affairs." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (citations and internal quotations omitted). As to the objective element, "[u]nacceptable conditions include those that pose a substantial risk to inmate health or safety. . . . [Prison] conditions may be uncomfortable, even harsh, without being inhumane." *Id.* (citations and internal quotations omitted).

I will allow plaintiff to proceed on claims against the John Doe defendants based on his allegations that, while in RHU, his water was restricted, he was forced to sleep on excessively soiled mattresses/floor mats, and he was allowed out of his cell for only thirty hours over the course of one year. I caution plaintiff not to use this claim as an

4

opportunity to name every correctional officer he had contact with over the course of his year in RHU. Instead, when identifying the real names of the Doe defendants, plaintiff must identify only those correctional officers who had knowledge of the conditions and were deliberately indifferent to those conditions.

I will also allow plaintiff to proceed against the defendants identified as "Jane Doe Nurses" based on his allegations that they provided him with no treatment in response to his complaints of joint pain. Again, when identifying the real names of the Doe defendants, plaintiff should not name every individual whom he came in contact with at the health-services unit. I will allow him to proceed only against those individuals who knew about his joint pain and denied him treatment. As a reminder, there is no supervisory or vicarious liability under § 1983. Each named defendant must have been personally responsible for the alleged misconduct.

I will also allow plaintiff to proceed on a deliberate indifference claim against Wickman based on his allegations that Wickman prevented him from filing health-service request forms and psychological-service request forms for a period of thirty days. Construing plaintiff's allegations broadly, it is possible that he is alleging that by preventing him from filing these forms, Wickman prevented plaintiff from obtaining medical and psychological care. This is sufficient for plaintiff to proceed on a deliberate indifference claim.

I will not, however, allow plaintiff to proceed on a claim in connection with his allegations that he was prevented from filing inmate grievances. While these allegations may be relevant to defending against an assertion that plaintiff failed to exhaust his administrative remedies, they do not state a claim in and of themselves. *See Massey v.*

5

*Helman*, 259 F.3d 641, 647 (7th Cir. 2001). Nor will I allow plaintiff to proceed on claims against Schultz, Delfosse, and Afolabi based on his allegations that they either destroyed his notes or retained the notes for longer than is permitted by DOC policy. *See Kimmons v. Waupun Property Staff*, 1 Fed.Appx. 496, 498 (7th Cir. 2001) ("When state officials' conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exist.").

Further, I will not allow plaintiff to proceed on a claim regarding his conclusion that he was charged excessive copays by health services staff. *See Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) (requiring fees for medical services, standing alone, does not violate the Constitution). Whether the policies allowed staff members to charge him a copay under certain circumstances is a state-law question that cannot be pursued under § 1983. *Id.* (citations omitted).

Plaintiff also may not proceed on a claim related to Schultz's decision to move him to an administrative confinement cell with no working exhaust or intercom system. These "uncomfortable, even harsh" conditions are not inhumane and therefore are not sufficiently serious enough to give rise to a deliberate indifference claim. Plaintiff's allegations relating to his being restricted to five-minute showers also fail to give rise to a deliberate indifference claim. *See Evans v. Kitzhaber*, Case No. 97-35770, 1998 WL 598335 at *1 (9th Cir. 1998). Plaintiff's choice to leave the shower area and pound on his cell door while naked and visible through a bay window is a condition of his own creation and therefore not actionable.

Because plaintiff does not know the real names of the Does against whom I have allowed him to proceed, he will have to use discovery to learn them. He may not begin

discovery until after Wickman responds to his complaint and I enter a scheduling order setting dates for discovery and the filing of dispositive motions.

*Conclusion*

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay the $350 filing fee as he is able. Plaintiff should forward payments to the clerk of court and clearly identify the payments by case name and number.

**IT IS FURTHER ORDERED** that defendants Delfosse, Afolabi, and Schultz are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendant Wickman.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant Wickman shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiff shall mail all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this 7th day of May, 2018.

    s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge